UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-cv-22359-ALTMAN/Reid

**CHIQUITA BRANDS**
**INTERNATIONAL, S.A.R.L.**,

    *Petitioner,*

v.

**ZAMHERN S.A.**,

    *Respondent.*

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Our Petitioner, Chiquita Brands International, S.A.R.L. ("Chiquita"), has filed a Motion for Writ of Bodily Attachment against Jose Hernan Zambrano Loor, "the President of Respondent Zamhern, S.A., due to [the Respondent's] continued failure to comply with multiple valid Court orders." Motion for Writ of Bodily Attachment (the "Motion") [ECF No. 67] at 1. Zamhern has never appeared in this case—and both Zamhern and Mr. Zambrano have repeatedly ignored the Magistrate Judge's orders. After careful review, therefore, we now **GRANT** the Motion.

### THE FACTS

Chiquita filed a Petition to Confirm an International Arbitration Award [ECF No. 1], which had been "issued in Chiquita's favor and against [the Respondent] Zamhern S.A ('Zamhern')," *id.* at 1. Chiquita served Zahern "[p]ursuant to this Court's order Granting Motion for Alternate Service [ECF No. 38] . . . through the methods authorized by the Court." Notice of Service [ECF No. 41] at 1.[1] Zamhern has not responded to the Petition or otherwise defended this action. *See generally* Docket.

---

[1] Because Zamhern is "located abroad" and had "not yet been served with process," Order [ECF No. 6] at 1, Chiquita "diligently sought to serve Zamhern . . . with process pursuant to Federal Rule of Civil Procedure 4(f)(1)," Motion for Alternative Service of Process [ECF No. 31] at 1. And, "[p]ursuant to this Court's order Granting Motion for Alternate Service [ECF No. 38], Petitioner Chiquita Brands International, S.A.R.L., inform[ed] the Court that it has effectuated service of process

We therefore entered a Final Default Judgment "in favor of the Petitioner Chiquita[.]" Final Default Judgment Order [ECF No. 51] ¶ 1.

Since then, Chiquita issued "Requests for Production in Aid of Execution pursuant to this Court's Final Default Judgment [ECF No. 51] and Federal Rule of Civil Procedure 69" and "Interrogatories in Aid of Execution seeking responses within 30 days of service pursuant to this Court's Final Default Judgment and Federal Rules of Civil Procedure 33 and 69." Report and Recommendation (the "R&R") [ECF No. 80] ¶¶ 5–6. As Magistrate Judge Lisette M. Reid explained, however, "Zamhern . . . did not issue a response to any of Chiquita's discovery requests[.]" *Id.* ¶ 7. Zamhern also failed to respond to the Magistrate Judge's order to "respond to Petitioner's Requests for Production in Aid of Execution and Interrogatories in Aid of Execution no later than January 24, 2024," and it ignored the Magistrate Judge's direction that, "by th[at] same date, Respondent shall pay Petitioner $1,000.00 in reasonable attorney's fees." Jan. 10, 2024, Paperless Order Memorializing Discovery Hearing [ECF No. 58] (cleaned up).

Several weeks later, the Magistrate Judge ordered Zamhern to "fully comply with the Court's January 10, 2024 Paperless Order by March 22, 2024 and [to] pay Petitioner an additional $1,000.00 in reasonable attorneys' fees," Feb. 22, 2024, Paperless Order Memorializing Discovery Hearing [ECF No. 62] (cleaned up), and to "SHOW CAUSE why it should not be held in contempt for its failure to comply with the Court's Paperless Order dated January 10, 2024, ECF No. 58," Feb. 22, 2024 Paperless Order to Show Cause [ECF No. 63] (cleaned up). Zamhern ignored these orders, too. *See generally* Docket. After Chiquita moved to hold Zamhern in civil contempt, the Magistrate Judge ordered that Zamhern "be held in civil contempt[ ] and required to pay a daily fine of $50.00 until

---

upon Respondent Zamhern, S.A. through the methods authorized by the Court." Notice of Service at 1. The Magistrate Judge found that the "Respondent has received service of process of all submissions in this matter in the manner specified by the Court's order granting alternative service, *see* [ECF No. 38], and has not made an appearance or filed any papers with the Court." Report and Recommendation (the "R&R") [ECF No. 80] at 1 n.1.

2

such time as it complies with this Court's previous orders located at [ECF Nos. 58, 62, and 63]." Contempt Order [ECF No. 66] at 7.

In her R&R, Magistrate Judge Reid found that, "[c]onsistent with its prior violations, Zamhern did not comply with the Court's orders, including the contempt order," and that "there is no indication that Zamhern or any of its corporate officials have made efforts to comply." R&R ¶ 17. The Magistrate Judge specifically found that Mr. Zambrano, Zamhern's "identified . . . corporate president," *id.* ¶ 20, who has "documented control over Zamhern's resources," has likewise failed to comply with her orders, *id.* ¶ 23.

Chiquita has now filed a Motion for Writ of Bodily Attachment against Zambrano, "the President of Respondent Zamhern, S.A., due to [the Respondent's] continued failure to comply with multiple valid Court orders." Motion at 1. Chiquita later filed a supplemental memorandum in support of the Motion. *See* Supplemental Memorandum [ECF No. 78]. Magistrate Judge Reid held show-cause hearings on November 8, 2024, and November 19, 2024, to determine whether the "Petitioner's Motion for Contempt should not be granted." Order Setting Hearing [ECF No. 70] at 2; Renewed Order Setting Hearing [ECF No. 75] at 2. Mr. Zambrano never responded to the Motion, *see generally* Docket, or appeared in the case, *see* R&R at 1 n.1.

In her R&R, the Magistrate Judge determined that the Motion should be granted because the "Petitioner has met its burden of establishing a clear and convincing basis for imposing civil contempt sanctions on Jose Hernán Zambrano Loor due to Respondent Zamhern's ongoing violation of several Court orders," because "Mr. Zambrano is legally identified with Zamhern because he exercises substantial discretion, control, and influence over Zamhern's affairs such that the two are legally indistinguishable," because "[t]he Court may enter a writ of bodily attachment against Mr. Zambrano because he is an international businessman who possesses the financial resources to personally comply or direct Zamhern to comply with the Court's prior orders at [ECF Nos. 58, 62, 63 and 66]," because

3

"Mr. Zambrano has failed to demonstrate that he is unable to comply with the Court's prior orders, as required to avoid civil contempt sanctions for noncompliance under governing Eleventh Circuit authority," because "the Court finds that a writ of bodily attachment is the only remedy that is likely to compel Mr. Zambrano to comply with the Court's orders because all previous sanctions on Zamhern have been unavailing," and because "Federal Rule of Civil Procedure 4.1 permits the Court to enter a writ of bodily attachment against Mr. Zambrano for his arrest and civil commitment anywhere within the jurisdiction of the United States." R&R at 6, 7, 9, 10, 11, 12.

Because the Motion addresses a non-dispositive question, *see* FED. R. CIV. P. 72(a) (describing a "non-dispositive" issue as "a pretrial matter not dispositive of a party's claim or defense"), we **CONSTRUE** the R&R as an order *granting* the Motion and now **DIRECT** the Clerk of Court to terminate the Motion [ECF No. 67] from the docket. Even if the R&R were a report and recommendation on a dispositive matter under Rule 72(b), then Zamhern would have had 14 days to object to it. *See* FED. R. CIV. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."). Since Zamhern hasn't objected to it—and given that more than 14 days have passed—the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress's intent was to require *de novo* review only where objections have been properly filed—and not, as here, when no party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). And, having reviewed the R&R, the record, and the applicable law, we find no clear error

4

on the face of the R&R and would adopt it in full—even if we were to treat it as a report and recommendation. We'll issue the writ of bodily attachment separately.

**DONE AND ORDERED** in the Southern District of Florida on December 12, 2024.



_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record

Zamhern S.A.
Av. Agustin Freire, Ciudadela La Herradura,
Manzana 7, Solar 2 (Diagonal Bco. Bolivariano)
Guayas, Daule Guayaquil, Ecuador

Zamhern S.A.
Ciudadela La Garzota
Parroquia Tarqui Manzana 29, Solar 2
Guayas, Guayaquil, Ecuador

Zamhern S.A.
Edificio Trade Building
Ave. Joaquín J. Orrantia González y 1 Pasaje 1A NE
Calle 14A NE
Guayas, Guayaquil, Ecuador

Zamhern S.A.
c/o Law Offices of Alexis Gonzalez, P.A.
3162 Commodore Plaza, Suite 3E
Coconut Grove, Florida 33133